Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| IRLANDA FERNANDEZ, individually and on behalf of all other similarly situated current and former employees of Defendants,<br>　　　　Plaintiff,<br>　vs.<br>MERRY MAIDS L.P., and DOES 1-100, inclusive,<br>　　　　Defendants. | Case No. CV07-07796ABC(JWJx)<br><br>**STIPULATED PROTECTIVE ORDER** |

**NOTE: CHANGES MADE BY THE COURT IN BOLD**

---

**STIPULATED PROTECTIVE ORDER**

1    Plaintiff Irlanda Fernandez ("Plaintiff") and defendant Merry Maids L.P. ("Defendant") (collectively, "Parties"), hereby stipulate to this Protective Order by and through their undersigned counsel.

The Parties represents that pre-trial discovery in this case necessarily has involved and will continue to involve matters that are confidential and proprietary to Defendant's on-going business, and may require the production of documents revealing Defendant's methods of operation, material non-public financial information and private employee information and data.

Defendant represents that Plaintiff has requested information and documents through discovery relating to Defendant's operating policies and procedures, including but not limited to, employee hiring practices and procedures, internal complaint or grievance practices and procedures, employment conditions, and employee compensation and employee scheduling methods.  Defendant considers this information confidential commercial information that would cause substantial economic harm to Defendant's competitive position if they were made public. Defendant contends that such information qualifies for protection under applicable federal laws.  *See ICG Communs. Inc. v. Allegiance Telecom*, 211 F.R.D. 610 (N.D. Cal. 2002).

Defendant further represents that Plaintiff has requested confidential information and documents through discovery relating to Defendant's employees. Such information includes, but is not limited to, individual employee compensation information, work schedules, and payroll data. Defendant contends that its non-party employees have a protectable privacy right in their employment records under the California Constitution. *See* Cal. Const., Art. 1, Sect. 1.  Defendant contends that such information qualifies for protection under applicable federal laws.  *See  Flom v. Tharaldson Prop. Mgmt*. 2003 U.S. Dist. LEXIS 25737 (D. Kan. Aug. 29, 2003). ("The Court recognizes that personnel files and employee records are confidential in nature and are generally entitled to protection from wide dissemination.")

1   Plaintiff represents that these categories of information and documents have been requested through discovery and believes these documents and information to be relevant and/or reasonably calculated to lead to the discovery of admissible evidence relating to their claims.

Defendant represents that such material falls within recognized categories of information that may be protected from public disclosure through confidentiality designations under a protective order. *See* Fed. R. Civ. P. 26(c)(1)(G) (allowing protection of "trade secret or other confidential research, development or commercial information").

Defendant further represents that public disclosure of such material poses a substantial risk of great economic harm in that discovery of Defendant's confidential, trade secret, proprietary, financial, or commercially sensitive information would negatively impact Defendant's business and competitive position.

For the foregoing reasons, good cause exists for entry of this Order to facilitate pre-trial disclosure while assuring the safety of these disclosures. *See* Fed. R. Civ. P. 26(c).

This Order shall apply to pre-trial out-of-court discovery and pre-trial filings with the Court. The parties agree to confer in good faith, in consultation with the Court, in establishing procedures for the use of materials designated as confidential in any evidentiary hearing or trial, which may include a request to close the Courtroom when confidential information may be revealed in the course of such hearing or trial. In the absence of an agreement of the parties or further order of the Court, no confidential materials may be disclosed in any public hearing or trial.

IT IS HEREBY ORDERED that the following provisions shall govern the conduct of pre-trial proceedings in this action.

1. The word "document" shall have the full meaning ascribed to it in Rule 34 of the Federal Rules of Civil Procedure and shall include, without limitation all original written, recorded or graphic matters and all copies thereof.

**Winston & Strawn LLP**
**333 South Grand Avenue**
**Los Angeles, CA 90071-1543**

2. This Order shall govern the handling of certain documents produced in this action and designated "Confidential" as further set forth herein.

3. The parties may obtain confidential treatment, as defined in this Order, for such documents by typing or stamping "Confidential" on each page or to the front cover of the electronic version of the documents for which confidential treatment is desired. Pages so designated shall hereinafter be referred to as "Confidential Documents." The party designating the Confidential Documents or information shall hereinafter be referred to as the "Designating Party." Any Confidential Document or confidential information contained therein shall be used solely for the purpose of preparing for and conducting pretrial and trial proceedings in this action where counsel and the parties agree to be bound by the terms of this protective order.

4. Documents or portions thereof may be designated "Confidential" pursuant to the terms of this Order:

(a) If the portion of the document discloses proprietary and confidential trade secrets, financial or commercially sensitive information the disclosure of which a party believes in good faith would cause substantial harm to current legitimate business interests, or discloses information invasive of the legitimate privacy interests of individuals (for example, private employment information); or

(b) if the Court rules such documents to be Confidential after appropriate notice and for good cause shown.

5. Deposition testimony may be designated Confidential by any participating party or third party or witness (a) during the deposition, hearing or trial, in which case the transcript of the designated testimony shall be bound in a separate, sealed volume and marked "Confidential" by the reporter, or (b) within thirty (30) days after receipt of the transcript, in which case a separate transcript marked "Confidential" shall be requested and paid for by the designating party. The Designating Party may require that persons not authorized to review Confidential

4
**STIPULATED PROTECTIVE ORDER**

information be excluded from the deposition or any testimonial proceeding where Confidential information is likely to be revealed.

6. Documents, deposition transcripts, and other information may be designated as "Confidential" pursuant to Paragraph 3 above, after they have been produced without having been so designated, in the following manner:

(a) Counsel for the Parties to whom such documents, testimony, or other information has been disclosed must be advised in writing of the new designation;

(b) To the extent possible, the newly designated documents and the information contained therein shall be used only as allowed by this order; and

(c) Counsel for the Designating Party will provide counsel for the party receiving notice with another copy of the documents, deposition transcripts, or other information, which bears the proper designation.

7. Except by Court Order or with the prior written consent of the designating party, documents and transcripts designated as "Confidential" hereunder (and the Confidential information contained therein) shall be disclosed only to the following persons:

(a) the Court and its official personnel, provided that such Confidential Documents shall be filed under seal pursuant to the procedures set forth in L.R. 79-5.1;

(b) any potential jury panel and jury matters for this matter;

(c) personnel of any of the outside law firms of record representing any of the parties to this action to the extent necessary to provide representation to the party in connection with this action; court reporters, translators, third-party photocopy or imaging services contractors, third-party contractors producing graphic or visual aids solely in providing litigation support services to outside counsel;

(d) any person of whom sworn testimony is taken, except that such person may not retain any such materials;

    (e)  jury consultants involved solely in providing litigation support services to outside counsel;

    (f)  outside experts and consultants for any party, including their stenographic and clerical personnel, whose advice or consultation is being or will be used by such party in connection with this action, provided that such outside expert or consultant first be shown a copy of the Stipulation and Protective Order and agree to abide by its terms;

    (g)  any other person **or entity** permitted to receive confidential information by order of the Court or by written agreement of the Parties.

  8.  Before the disclosure of any Confidential Documents to any person covered by subparagraphs 7(d), (e) or (f) other than by the Designating Party, such person shall be cautioned against the disclosure of said information to anyone else and shall be advised that the said information is the subject of a Court Order and such person shall acknowledge his/her agreement to abide by this Order and to be subject to the jurisdiction of this Court by signing a declaration in the form attached as Exhibit A, a copy of which shall be provided to counsel for all parties and non-parties who have produced Confidential Documents under this Order.

  9.  If any counsel files with or submits to the Court (a) documents or transcripts afforded confidential treatment pursuant to this Order or (b) papers disclosing the confidential information contained in such documents or transcripts, such documents, transcripts or papers shall be filed under seal in accordance with L.R. 79-5.1. The original and judge's copy of the document shall be sealed in separate envelopes with a copy of the title page attached to the front of each envelope, which shall also contain the following legend:

> "Confidential. Pursuant to L.R. 79-5.1, this envelope contains documents that are subject to an Order governing the use of confidential discovery material entered by the Court in this action.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

The envelope shall not be opened nor the contents thereof displayed or revealed except by Order of this Court."

Any document that is filed under seal shall be maintained under seal by the Clerk and shall be made available only to the Court and to counsel for parties until further order of this Court.

10. Whenever a party objects to the treatment of a document or transcript as Confidential as defined herein, it shall so notify the party requesting such Confidential treatment in writing. Within 14 calendar days of receipt of said notice, the party requesting Confidential treatment may apply to the Court for a ruling that the document or transcript shall be treated in the manner described in this Order. If no such application is made within 14 calendar days of such notification, the document in question shall thereafter be deemed not to be subject to Confidential treatment. If such application is made, the document or transcript shall be afforded the treatment described in this Order until the Court rules on such application. In any such application, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the document to have such protection under the terms of the Protective Order.

11. At the conclusion of this litigation (including any appeals), all documents or transcripts designated "Confidential" and any copies thereof, shall either be returned to the producing party, or counsel shall certify to the destruction of said documents. This Order shall continue to be binding after the conclusion of this litigation, except that there shall be no restriction on documents or transcripts that are (a) used as exhibits and/or offered into evidence not under seal in the pretrial activities or trial of this action, and (b) not covered by any subsequent and inclusive confidentiality order. **The Court and its personnel shall not be subject to this provision.**

12. Nothing in this Stipulation shall require disclosure of any material that a party contends is protected from disclosure by the attorney-client privilege or the attorney work product doctrine.

13. The entering into this Stipulation shall not and does not constitute an admission or concession or permit an inference that any document, response, testimony or information designated as "Confidential Material" is, in fact confidential or contains Confidential Material.  Conversely, any disclosure of Confidential Material under this Stipulation and Order shall not be construed as a waiver of the confidentiality of the information.  Moreover, nothing in this stipulation shall be deemed a waiver of (a) any party's right to object to any discovery request on any grounds, including on grounds that the documents or information contained within are confidential; (b) any party's right to redact information from documents produced (c) any party's right to seek an order compelling discovery with respect to any discovery requests; (d) any party's right to object to the admission of any evidence on any grounds in any proceeding herein; or (e) the Designating Party's right to use its own documents with complete discretion, including agreeing to remove a "Confidential" designation from any document or other materials to which a party has attached such a designation.

14. This Stipulation and any Order thereon may be modified in part or entirely by written agreement and upon application to and entry of an Order by the Court.

**IT IS SO ORDERED.**

**DATED: July 23, 2008**                        /s/                                   .
**Jeffrey W. Johnson,**
**United States Magistrate Judge**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Fernandez v. Merry Maids, L.P.* CV07-07796ABC(JWJx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____